UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:06-00147 |
| | ) | Judge Echols |
| JERRY C. PENDERGRASS, | ) | |
| JAMES M. HAMMONDS | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Edward M. Yarbrough, United States Attorney, Jimmie Lynn Ramsaur, Assistant United States Attorney for the Middle District of Tennessee, and Jenny L. Grus, Trial Attorney for the Department of Justice, Tax Division, respectfully submits this Sentencing Memorandum. The government has no objections to the amended pre-sentence report in this case. Further, the government urges this Court to impose a sentence within the advisory guideline range of 18 to 24 months, as set forth in the pre-sentence report and the addenda.

LAW AND ARGUMENT

**I. Background**

Defendant James Hammonds pleaded guilty to eight counts of aiding or assisting in the preparation of individual and corporate tax returns for his client and co-defendant, Jerry Pendergrass for years 1999 through 2002. As set out in the factual basis at the change of plea hearing, Hammonds admitted that he prepared fraudulent corporate balance sheets because he knew that his client had diverted corporate funds for personal use. Hammonds plugged in dollar amounts that he knew to be false so that he could reconcile the balance sheet. Hammonds falsified assets such as "other current assets" or "loans to shareholders." These false entries

caused the corporate tax returns to underreport compensation to its sole officer, co-defendant Jerry Pendergrass. Additionally, Hammonds prepared personal income tax returns that substantially underreported the income of his client, Jerry Pendergrass.

Although the defendant has pleaded guilty and accepted responsibility for his actions, this is not a minor offense. Hammonds is a highly skilled individual, a former IRS Special Agent, and an enrolled agent with the IRS, who chose to hide his client's income from the IRS over a period of several years. A sentence within the advisory guidelines range is warranted to address the seriousness of this offense and to adequately deter those who may be tempted to engage in schemes such as this.

## II. Pertinent Policy in Sentencing Guidelines

Hammonds states that pertinent policy in the sentencing guidelines requires that he receive special consideration because he is a true first time offender. While Hammonds may have no criminal history, his background is particularly significant. Hammonds is a former IRS employee who served as a Special Agent from 1972 through 1985. His job was to investigate violations of the tax laws. His law enforcement background makes his crime even more egregious. Furthermore, after leaving the IRS, Hammonds opened his own bookkeeping and tax preparation business and became an enrolled agent with the IRS which permitted him to represent taxpayers in their dealings with the IRS. This position is one of public and private trust that defendant has betrayed repeatedly by his continuous criminal conduct.

The pertinent policy that the Court should consider in fashioning Hammonds plea is is the importance of deterrence. The Sentencing Guidelines Commission specifically discusses the importance of deterrence in criminal tax cases:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G. § 2T.1, Introductory Commentary.

Putting this in terms that intelligent, calculating white-collar criminals understand: the financial benefits of tax fraud can be significant, and the risk of getting caught, depending on the nature of the scheme, can be quite low. Therefore, the only way to adequately deter the conduct is to make the cost of getting caught so high that it is not worth running even a low risk. Realistically, the main way to strike this fear in the heart of prospective tax fraudsters is to impose prison time on those who are caught and convicted. Failing to do that would send the opposite message: that it pays to engage in tax fraud, because you are likely to get away with it; if you are unlucky and do get caught, you still might just get "a slap on the wrist" rather than punishment significant enough to deter yourself or others from this criminal conduct.

### III. Diminished Capacity

Hammonds argues that his mental health history warrants special consideration at sentencing. Under § 5H1.3 of the Sentencing Guidelines, mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted. Nevertheless, defendant maintains that he should receive a departure due to his alleged "diminished capacity." The

3

government submits that while defendant has been diagnosed with depression, there is no indication that the depression impaired defendant's ability to reason during the time he committed the crimes. Defendant knew his actions were wrong, and that he violated the lasw. He knew right from wrong and made a conscious decision to violate the law. In fact, the medical records defendant offers tend to prove that defendant's depression is possibly due to his illegal condut and the fact that he is now being held responsible for his actions. Such a reaction is not unusual in a person must finally face the consequences of his criminal activity. Although it is clear the court can consider a defendant's "significantly reduced mental capacity" at the time of the offense when determining a sentence that is sufficient, but not greater than necessary, there is simply no proof to support defendant's request for a departure or other reduction in a prison term in this case. *United States v. Crockett*, 330 F. 3d 706, 714-716 (6th Cir. 2003).

## CONCLUSION

Defendant James Hammonds, a former IRS employee, engaged in scheme to file false individual and corporate tax returns for his client for a period of four years. The need to deter criminal tax violations such as this one, the nature and circumstances of this pre-meditated crime

4

of greed, the background of this defendant as a former IRS Special Agent, and other facts the Court must consider, all combine to require a sentence within the advisory guidelines range.

        Respectfully submitted,

        EDWARD M. YARBROUGH
        United States Attorney for the
        Middle District of Tennessee

        BY  */s/ Jimmie Lynn Ramsaur*
        Assistant United States Attorney
        110 9th Avenue South, Suite A-961
        Nashville, Tennessee 37203-38703
        Telephone: 615-736-5151

        BY  */s/ Jenny L. Grus*
        JENNY L. GRUS
        Department of Justice, Tax Division
        Trial Attorney
        601 D Street, NW
        Room 7634
        Washington, DC 20008
        Email: Jenny.L.Grus@usdoj.gov
        Telephone: 202-514-5145

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Sentencing Memorandum was sent, if registered, via the Court's electronic filing system or, if not registered, sent via telefax and deposited in the United States Mail, postage prepaid, to Mr. Douglas A. Trant, 900 S. Gay Street, Suite 1502, Riverview Tower, Knoxville, Tennessee 37902, this 12th day of May, 2010.

        */s/ Jimmie Lynn Ramsaur*
        JIMMIE LYNN RAMSAUR